[Crim. No. 770. Department One.—December 12, 1901.]

## THE PEOPLE, Respondent, v. CHARLES H. TILLEY, Appellant.

CRIMINAL LAW—RECEIVING STOLEN PROPERTY—SUFFICIENCY OF INFORMATION.—An information for the "crime of receiving stolen property," committed as stated in the information, which, with necessary additions to show the mode of committing the crime charged, follows the language of the statute, is sufficient.

ID.—INSUFFICIENT VERDICT—GUILTY OF "RECEIVING STOLEN PROPERTY"—GUILTY KNOWLEDGE AND INTENT NOT EXPRESSED.—A verdict not finding the defendant "guilty" generally, or "guilty as charged," but merely finding him guilty of "receiving stolen property," might refer to a mode of committing that crime recognized by section 496 of the Penal Code, which was not charged in the information, but is more naturally to be construed as intended to refer to one element only of the offense as charged, without intending to find the truth of the other necessary elements charged in the information,— viz., the defendant's knowledge of the theft, and intent of personal gain. The verdict fails to express an intention to find upon those elements of the offense as charged, and is insufficient.

APPEAL from a judgment of the Superior Court of Fresno County. Geo. E. Church, Judge.

The facts are stated in the opinion.

W. B. Good, and W. D. Tupper, for Appellant.

Tirey L. Ford, Attorney-General, and C. N. Post, Assistant Attorney-General, for Respondent.

SMITH, C.—The defendant was accused, by information, "of the crime of receiving stolen property, committed" as stated in the information, which, with necessary additions, follows the language of the statute. (Pen. Code, sec. 496.) The verdict of the jury was: " We, the jury in the above-entitled case, find the defendant, Chas. H. Tilley, guilty of receiving stolen property," which was received and recorded, and judgment of conviction entered.

It is urged on behalf of the appellant that neither the information nor the verdict is sufficient to sustain the judgment, and that the court erred in denying the defendant's motion to be discharged after the verdict was received and recorded. The first point, we think, is untenable. The information follows the language of the statute, which is sufficient. The last point is well taken, if the verdict be in fact insufficient. (*People* v. *Arnett,* 129 Cal. 306.) The only point to be considered, therefore, is as to the sufficiency of the verdict.

We do not regard this as a special verdict. It was evidently intended as a general verdict; and the question is as to its sufficiency as such. In considering this, it is to be borne in mind that the verdict is to be construed in connection with the plea of the defendant and the information. Otherwise, the ordinary forms of verdict, "Guilty," "Guilty of man-slaughter," etc., (Pen. Code, secs. 1157, 1159; *People* v. *Douglass,* 87 Cal. 281,) would be entirely without meaning; while, in connection with the information, they cannot be understood otherwise than as referring to the defendant and to the crime named in the information or indictment.

Further, the form of the verdict is to be regarded as immaterial, provided the intention to convict of the crime charged be unmistakably expressed. (*People* v. *McCarty,* 48 Cal. 559; *People* v. *Swenson,* 49 Cal. 390, 391; *People* v. *Holmes,* 118 Cal. 448.) On the other hand, it is expressly provided that " No judgment of conviction can be given, unless the jury expressly find against the defendant upon the issue." (Pen. Code, sec. 1162.) Hence there is no room for

inference outside the words of the verdict. These must express the intention unequivocally; otherwise, the verdict must be regarded as insufficient. (*People* v. *Ah Gow,* 53 Cal. 628.) And, *a fortiori,* it must be so regarded, if it be susceptible of a different construction than that of guilty of the crime charged.

Applying these principles to the present case, we think it clear that the verdict must be regarded as insufficient. The general issue before the jury was whether the defendant was guilty of the particular crime charged, which, again, involved three specific issues,—namely, as to the receiving the stolen money by the defendant, as to his knowledge of the fact that it was stolen, and as to the intent of personal gain. It devolved upon the jury, therefore, to find on all of these issues, which it could have done by the general verdict of " Guilty." But the actual verdict is " Guilty of receiving stolen property," which is not, according to any received meaning of the terms, equivalent to the verdict of " Guilty " or " Guilty as charged." Hence such intent is not expressed in the verdict; and, under the statutory rule (Pen. Code, sec. 1162), we are not at liberty to ascribe to the jury any intention beyond what is thus expressed.

The argument urged on behalf of the respondent serves simply, we think, to illustrate and confirm this view. It may be admitted that it would be absurd to suppose that the jury intended to acquit the defendant, yet it does not follow that it was the intent of the jury to convict him of the crime charged, —which is the actual question to be determined; or still less, that such an intent is expressed in the verdict. It may be admitted, also, for the purposes of this case, that the words " receiving stolen property " are to be construed as denoting the crime that goes by that name, and, further, that it was used by the jury as referring to the crime as described in section 496 of the Penal Code, and with the intent of finding the defendant guilty of " the *crime of receiving stolen property,*" as determined by that statute,—yet the verdict still fails to express the intent of finding him guilty of the crime charged in the information. Under the laws of this state there are two species of the crime of receiving stolen property,— namely, that of receiving such property,—knowing it to be stolen,—for one's " own gain " (as is charged in the informa-

tion), and that of receiving it with intent "to prevent the owner from again possessing his property." And there is nothing in the verdict from which it can be determined of which of these crimes, if either, it was the intent of the jury to convict the defendant. It may be that they were satisfied that the defendant received the goods knowing them to be stolen, but received them, not for his own use, but for that of the thief, and with a view of preserving them for him, and thus preventing the owner from again possessing them; in which case he would be guilty under the statute of the crime of receiving stolen goods, but not of the particular crime charged in the information.

But we have, we think, ascribed more force to this argument than it is entitled to. The term "receiving stolen property" is, for brevity of expression, often used to denote the crime that goes by that name, but it is not always so used; nor when used does it necessarily express this intent. According to the proper use of the terms, it would mean simply what it says. Used, as it is here, in conjunction with the word "Guilty," the expression denotes the receiving of the property under circumstances that rendered the receiving culpable, and will be equally appropriate whether the culpability intended was criminal, or illegal without being criminal, or merely immoral. Thus, it may be that the jury were satisfied from the evidence that the defendant was guilty of the receiving of the stolen goods, but were not satisfied either of his knowledge of their being stolen or as to the intent of personal gain; and that they accordingly found the fact of which they were satisfied, and omitted to find the others of which they were not satisfied; which, under the familiar maxim, *Expressio unius exclusio alterius,* is the most natural construction. Or other intents in the minds of the jury might be imagined, all equally congruent with the verdict as the intent to find the defendant guilty of the particular crime charged against him. It cannot be said, therefore, that the verdict unequivocally finds the defendant guilty of the offense charged, or that it expresses an intent to do so. Nor do we think (assuming that we could go outside the verdict) that there is ground for the inference that such was their intent,—though, were it otherwise, the fact would be immaterial.

The case, therefore, comes within the authority of the decision in *People* v. *Cummings,* 117 Cal. 499, in which an essentially similar verdict was considered and adjudged to be insufficient. In that case "the indictment charged the obtaining of the property of C. Schnelle by means of false and fraudulent representations," and the verdict was that " the defendant is guilty of defrauding C. S. Schnelle of the note of one hundred and seventy-five dollars in the indictment mentioned." This was held to be insufficient, on the ground that it failed to find, " either in itself or by reference to the indictment, all the elements of the crime." It was doubtless recognized by the court, in the case cited, that the verdict, in effect, found that the note referred to was obtained from Schnelle by fraud; but the defect was that it did not respond to the issue as to the particular fraud charged, and hence it could not be determined " by what means the fraud was consummated," or that " it was consummated as charged in the indictment."

We advise that the judgment be reversed and the cause remanded, with directions to discharge the defendant.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded, with directions to discharge the defendant.

> Garoutte, J., Van Dyke, J., Harrison, J.