[Crim. No. 151. First Appellate District.—October 19, 1908.]

## THE PEOPLE, Respondent, v. SAMUEL P. WETZEL, Appellant.

CRIMINAL LAW—CHARGE OF GRAND LARCENY—CONVICTION FOR PETIT LARCENY.—Under an information charging grand larceny, the jury had the right to return a verdict of guilty of petit larceny, which by implication finds that the property stolen was of less value than $50, instead of the value of $200, as charged in the information.

ID.—PROVINCE OF JURY—INTERPRETATION OF VERDICT.—The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged; and the verdict must be read and construed with the plea of the defendant and the information.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. William P. Lawlor, Judge.

The facts are stated in the opinion of the court.

Brennan & Lane, for Appellant.

U. S. Webb, Attorney General, and John O'Gara, Assistant District Attorney, for Respondent.

COOPER, P. J.—The jury returned a verdict finding the defendant guilty of petit larceny under an information charging him with grand larceny. The information charged, and defendant pleaded guilty to, two prior convictions of petit larceny, and the court upon the return of the verdict sentenced him to imprisonment in the state prison for five years. This appeal is from the judgment on the judgment-roll with no bill of exceptions. No brief has been filed by appellant, and the sole point made in the oral argument is the claim that the verdict of petit larceny is not responsive to the issue made by the information and the plea of not guilty.

There is no merit in the contention. The jury had the right to find the defendant guilty of any offense the commission of which is necessarily included in that with which he is charged. (Pen. Code, sec. 1159; *People* v. *Huntington*, 8 Cal. App. 612,

[97 Pac. 760].)    The verdict must be read and construed in connection with the plea of defendant and the information. (*People* v. *Tilly,* 135 Cal. 62, [67 Pac. 42].)    As thus read and construed the verdict found the defendant guilty of the acts set forth in the information, but by implication found the value of the property stolen to be less than $50 instead of $200, as charged therein.    Where a defendant is charged with the crime of murder he may be found guilty of manslaughter.    It has never been the sense of the bar nor the rule of courts to require the verdict in such cases to state the name of the person killed, nor that such killing was unlawful.    The verdict is read in connection with and as relating to the information or indictment.

The judgment is affirmed.

Kerrigan, J., and Hall, J., concurred.