[Civ. No. 890.   Second Appellate District, Division Two.—September 7, 1922.]

## THE PEOPLE, Respondent, v. JOE MERCADO, Appellant.

[1] CRIMINAL LAW—APPEAL — WEIGHT OF EVIDENCE. — The appellate court will not weigh the testimony of witnesses where there is sufficient evidence, if believed by the jury, to justify the verdict.

[2] ID.—RECEIVING STOLEN GOODS — GUILTY KNOWLEDGE—QUANTUM OF EVIDENCE.—While guilty knowledge of the larceny is an essential fact to be proved in a prosecution for receiving stolen goods, such knowledge need not be that actual and positive knowledge which is acquired from personal observation of the fact, since knowledge may be deduced from inadequacy of price, the character of the vendor, the kind of goods, and the time when received.

[3] ID.—CASE AT BAR—SUFFICIENCY OF EVIDENCE.—In this prosecution under an information charging in separate counts the crimes of burglary and receiving stolen goods, the jury was justified in finding the defendant guilty on the charge of receiving stolen goods knowing them to be stolen.

[4] ID.—INFORMATION CHARGING DIFFERENT OFFENSES—VERDICT—STATEMENT OF OFFENSE.—A verdict finding the defendant not guilty of burglary as charged in the first count of the information and guilty as charged in the second count of the information is not defective because it only refers to the second count without describing the offense, notwithstanding the declaration contained in section 954 of the Penal Code that in such a case "each offense upon which the defendant is convicted must be stated in the verdict."

[5] ID.—VERDICT—IMMATERIALITY OF FORM.—The form of a verdict is to be regarded as immaterial, provided the intention to convict of the crime charged is unmistakably expressed.

[6] ID.—EVIDENCE—REFRESHING MEMORY OF WITNESS—TRANSCRIPT OF FORMER TESTIMONY.—It is not error in a criminal prosecution to permit the district attorney to refresh the memory of one of the people's witnesses by reading from a transcript of his testimony previously given by the witness.

[7] ID.—OFFICIAL TRANSCRIPT — APPEAL — PRESUMPTION.—All intendments are in favor of the regularity of the proceedings of the lower court, and in the absence of any showing to the contrary it is the duty of the appellate court to assume that the transcript used to refresh the memory of the witness was a duly authenticated official transcript of the witness' previous testimony.

2.  Necessity and sufficiency of proof of guilty knowledge on part of one charged with receiving stolen goods, note, 15 **Ann. Cas.** 899.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial. W. P. Cary, Judge. Affirmed.

The facts are stated in the opinion of the court.

Edward J. Kelly for Appellant.

U. S. Webb, Attorney-General, and John W. Maltman, Deputy Attorney-General, for Respondent.

FINLAYSON, P. J.—The appellant, Joe Mercado, and his codefendants, Gillermo Juardo and Ed Fifer, were charged, in an information filed by the district attorney of San Diego County, with the crime of burglary (charged in the first count), and likewise with the crime of receiving stolen goods (charged in the second count). The record does not show whether Juardo ever was tried. Fifer and appellant were tried jointly. At the conclusion of the trial of these two, the charges against Fifer were dismissed upon motion of the district attorney, on the ground that, as to him, the evidence was insufficient. The jury acquitted appellant of the charge of burglary, but found him guilty of receiving stolen goods. Judgment was entered accordingly, and Mercado now appeals therefrom and from the order denying his motion for a new trial. He contends: (1) That the evidence is insufficient to support that part of the verdict which finds him guilty of receiving stolen goods; (2) that, in the form in which it was returned by the jury, the verdict is contrary to law; and (3) that the court erred in permitting the district attorney to refresh the memory of one of the people's witnesses by reading from a transcript of testimony previously given by him.

[1] It is conceded that the evidence is sufficient to sustain a finding that the goods were stolen, that appellant received them, and that he disposed of a part of them for his personal gain; but it is claimed that it is insufficient to show that appellant knew, at the time when he received them, that the goods had been stolen. This court, as we often have said, will not weigh the testimony of witnesses where there is sufficient evidence, if believed by the jury, to justify the verdict. We will reverse a judgment on the

ground of the insufficiency of the evidence only when, giving full credence to all the inculpatory evidence, it falls short of that which the law requires. In view of this well-settled rule, we think there was ample evidence to justify the conviction.

The testimony leaves absolutely no doubt that on November 23, 1921, the dwelling of one Frank B. Stillson, in the city of San Diego, was burglarized and there was stolen therefrom a number of articles, including a suit of clothes, a pair of shoes, a pair of clippers such as are used by barbers, a razor, a pair of opera-glasses, cuff links and a fountain-pen.

Upon the question of appellant's guilty knowledge, we have the following: Theodoro Martinez, a barber, testified that in the latter part of November, 1921—he could not remember the precise date—appellant came into his barbershop and sold him a pair of clippers, a pair of opera-glasses, and a fountain-pen—all for the sum of $2.75. The articles were identified as those which previously had been stolen from the Stillson home. This witness further testified that, at a previous trial of appellant for this same offense, the latter told the witness that the man who actually stole the articles (presumably the defendant Juardo) had already been sent to state's prison, and requested the witness, when he should be placed upon the stand by the prosecution, to deny that he knew appellant. Another witness, H. Kahn, the keeper of a second-hand clothing store, testified that on November 23, 1921, at 11:20 o'clock A. M., appellant came into his store and sold him a pair of shoes for $3.50. The shoes were identified as a part of the stolen goods. Stillson had left his home that morning at about 10 or 10:30 o'clock, which was prior to the burglary. Appellant, therefore, must have sold the shoes to Kahn within less than an hour and a half after they were stolen. Kahn further testified that, pursuant to the requirements of an ordinance of the city of San Diego, he had caused appellant, as the vender of second-hand goods, to sign a receipt for the price which the witness paid him for the shoes, and that appellant signed the fictitious name "Antonio Moreno," and gave as his address the "Santa Rosa Hotel." In justice to appellant it should be stated that at the trial he claimed that he had sold the shoes for one Antonio Moreno. The jury, how-

ever, evidently did not believe his story. J. L. Berg, a detective on the San Diego police force, testified that on November 24, 1921, appellant told him that he had obtained the shoes from a Mexican who had slept with him at the Frey Hotel the night before the sale of the shoes, and that this Mexican had asked him to sell them. But appellant, according to this witness, did not know the name of the Mexican who, he claimed, had asked him to sell the shoes. Berg further testified that when he made the arrest on November 24th he took from appellant's pocket a pass-key, and that appellant told him that he, appellant, had loaned the key to Juardo. Berg also testified that appellant told him that Juardo had borrowed the key for the purpose of entering the Stillson dwelling. The witness further stated that he found in appellant's room at the Frey Hotel some clothing, a heavy overcoat, and the very razor which was identified by Stillson as that which had been stolen from his home; also that appellant claimed not to know anything about the razor. It also is in evidence that shortly after appellant's arrest he told Berg that the clippers which he had sold to Martinez were received by him from Juardo, who, it seems, was an ex-convict, and that, though he had not participated in the burglary, he, appellant, was of the opinion "that Juardo had committed the burglary—got the stuff out of the house." It also appears from the testimony of witnesses for the prosecution that appellant, with Juardo and Fifer, was noticed near the scene of the burglary shortly prior thereto.

[2]    While guilty knowledge of the larceny is an essential fact to be proved in a prosecution for receiving stolen goods, such knowledge need not be that actual and positive knowledge which is acquired from personal observation of the fact. In *People* v. *Clausen*, 120 Cal. 381 [52 Pac. 658], our supreme court quoted approvingly from Wharton's Criminal Law as follows: "Whether the defendant knew that the goods were stolen is to be determined by all the facts of the case. It is not necessary that he should have heard the facts from eye-witnesses. He is required to use the circumspection usual with persons taking goods by private purchase; and this is eminently the case with dealers buying at greatly depreciated rates. That which a man in the defendant's position ought to have suspected

he must be regarded as having suspected, as far as was necessary to put him on guard and on his inquiries. . . . The proof in any case is to be inferential, and among the inferences prominent are inadequacy of price, irresponsibility of vendor or depositor.'' To the same effect, see *Cobb* v. *State,* 76 Ga. 664, in which the court says: "Knowledge may well be deduced from conduct and behavior, the character of the person from whom received, and the kind of goods, and the hour when received.'' (See, also, *Huggins* v. *People,* 135 Ill. 243 [25 Am. St. Rep. 357, 25 N. E. 1002]; *Frank* v. *State,* 67 Miss. 125 [6 South. 842]; *Hester* v. *State,* 103 Ala. 83 [15 South. 857]; *People* v. *Schooley,* 149 N. Y. 99 [43 N. E. 536]; *Commonwealth* v. *Finn,* 108 Mass. 466, and *State* v. *Richmond,* 186 Mo. 71 [84 S. W. 880].)

[3] In view of this array of authority as to the *quantum* of evidence sufficient to support a verdict on a charge of receiving stolen goods knowing them to be stolen, we think the jury was justified in finding appellant guilty. The fact that he gave a fictitious name and an incorrect address when he sold the shoes to the second-hand clothing dealer; that he told the arresting officer, not long after the burglary, that it was his opinion that Juardo (an ex-convict) had stolen the goods, and that he had loaned the pass-key to Juardo, who, he said, had obtained it for the purpose of entering the house; that he, together with Juardo and Fifer, was observed near the scene of the burglary; that the stolen goods not disposed of were found in appellant's room; and that appellant had asked Martinez, the barber, not to identify him—all these are concurring circumstances which furnish evidence to support the inference that appellant had knowledge that the goods had been stolen. It was a question of fact for the jury, whose province it was to draw the inference of guilty knowledge from the incriminating circumstances.

[4] The next point is based upon a supposed defect in the form of the verdict, which was as follows: "We, the jury in the above-entitled cause, find the defendant, Joe Mercado, not guilty of burglary in the second degree as charged in the first count of the information, and guilty as charged in the second count of the information.'' Appellant's argument against the sufficiency of this verdict, as a conviction of the crime of receiving stolen goods, is made

to turn upon the meaning of the word "stated" as used in section 954 of the Penal Code, wherein it is declared that if the information charges two or more different offenses, under separate counts, the defendant may be convicted of any number of the offenses charged, and that "each offense upon which the defendant is convicted must be *stated* in the verdict." Because the verb "state" is defined by Webster as meaning "to represent fully in words; to set down in detail," it is claimed that a verdict which merely refers to a count in the information, without further description of the offense, fails to meet the definition of the word "stated" as used by the legislature. The argument lacks force. Even according to Webster's definition, the verb "state" does not always mean *detail*. It may mean to set down in gross. See *City of Utica* v. *Richardson,* 6 Hill (N. Y.), 300, where it was held that an act which makes it lawful for a pleader to *state* the section of an ordinance means that it shall be lawful merely to *refer* to the section by its number. As used in legal phraseology, the verb "state," according to the Standard Dictionary, means "to aver; allege; declare as a matter of fact."

[5] The form of a verdict is to be regarded as immaterial, provided the intention to convict of the crime charged is unmistakably expressed. (*People* v. *McCarty,* 48 Cal. 559; *People* v. *Swenson,* 49 Cal. 390, 391; *People* v. *Holmes,* 118 Cal. 448 [50 Pac. 675]; Pen. Code, sec. 1404.) It should be construed in connection with the information and the plea of the defendant. (*People* v. *Tilley,* 135 Cal. 62 [67 Pac. 42].) If this verdict be construed in connection with the information and appellant's plea thereto, it is clear that the offense upon which he was convicted is "stated" in the verdict. By finding him guilty "as charged in the second count of the information," the verdict, in effect, finds appellant guilty of the crime of receiving stolen goods—the only crime that is alleged in the second count.

[6] There is no merit in the claim that the court erred in permitting the district attorney to refresh the memory of one of the people's witnesses by reading from a transcript of his testimony. When Berg, the detective, was on the witness-stand, he testified that he had been told by appellant that Juardo had asked him for the pass-key and that he, appellant, had given it to Juardo. The witness then was

asked by the prosecutor if appellant had stated where he
and Juardo were when the latter asked for the pass-key.
The witness replied that as to that he was not sure. There-
upon the prosecutor, for the purpose, as he said, of re-
freshing the witness' recollection, was permitted to read
from a transcript of testimony previously given by the
witness. Defendant objected to such use of the transcript on
the ground that it was not a proper method of refreshing
the memory of a witness. The objection was overruled.
There was no error in the ruling. As was said in the Dur-
rant case (116 Cal. 213 [48 Pac. 84]) : ''The witness would
have had the undoubted right to read his testimony given
upon the examination for the purpose of refreshing his mem-
ory. (Code Civ. Proc., sec. 2047.) Such a transcript may
at least be regarded as a private memorandum. (*Reid* v.
*Reid,* 73 Cal. 206 [14 Pac. 781].) When a witness called
by a party fails to testify to matters previously within his
recollection, or gives evidence in apparent variance with
that formerly given, it is not incumbent upon the party
producing the witness to wait for the assaults of the cross-
examination to expose seeming inconsistencies and discrep-
ancies. While he may not impeach his witness (saving under
certain exceptional circumstances), he may with propriety
refresh his recollection, to the end that the witness and his
present evidence may both be put fairly and in their proper
light before the jury.'' To the same effect are *People* v.
*McFarlane,* 138 Cal. 487 [61 L. R. A. 245, 71 Pac. 568,
72 Pac. 48], and *People* v. *Izlar,* 8 Cal. App. 602 [97 Pac.
685].

[7] There is no force in the suggestion that the docu-
ment from which the district attorney read may not have
been an official transcript of the testimony that had been
given by the witness at the preliminary examination. In
making his objection to the use of the transcript for the
purpose of refreshing the memory of the witness, defend-
ants' counsel did not suggest that the document was not an
official transcript. Nor is there anything in the record
here tending to show that it was not such a duly authenti-
cated transcript as is contemplated by section 869 of the
Penal Code. All intendments are in favor of the regularity
of the proceedings of the lower court. Error is never pre-
sumed; and in the absence of any showing to the contrary,

it is our duty to assume, what is altogether probable, that the transcript used to refresh the memory of the witness was a duly authenticated official transcript of the witness' previous testimony.

The judgment and the order denying a new trial are affirmed.

Works, J., and Craig, J., concurred.