[Crim. No. 1199.   Second Appellate District, Division One.—December 4, 1925.]

## THE PEOPLE, Respondent, v. J. A. SHEIK, Appellant.

[1] CRIMINAL LAW—OBTAINING MONEY AND PROPERTY BY FALSE PRE-TENSES—FALSE REPRESENTATIONS—SUFFICIENCY OF EVIDENCE.—In a prosecution upon an indictment in six separate counts charging the defendant with the crime of obtaining property, or money and property, by false pretenses, it cannot be successfully contended that the verdict finding the defendant guilty was contrary to the law and the evidence, in that there was no evidence as to the falsity of the alleged misrepresentations, where such evidence, while not demonstrative in its nature, was ample in every respect to warrant the conclusion that, as to each count of the indictment, at least one of such representations was made by the defendant with the intention and purpose that the persons to whom they were made should act upon them and be defrauded thereby, and that such design was actually accomplished.

[2] ID.—PLEADING—TWO OR MORE PERSONS INJURED BY SAME ACT—SEPARATE OFFENSES.—In such prosecution, the fact that practically all the misrepresentations were made by the defendant at the same time and to all the several persons to whom he sold the stock forming the basis of the prosecution, although at different dates, did not affect the right to prosecute the defendant under as many counts as there were individuals defrauded, since where two or more persons are injured by a single criminal act, there are as many separate and distinct offenses as there are persons injured by the unlawful act.

[3] ID.—SUFFICIENCY OF VERDICT.—In such prosecution, where the indictment charged the defendant generally with obtaining "money and property by false pretenses," and in detail with fraudulently obtaining "property" (bank checks), and the evidence showed not only the truth of the allegations in that regard, but also that the checks were cashed and that the persons giving them lost the money represented thereby, the defendant cannot complain that the verdict finding him guilty of "obtaining money and property" does not conform to section 1162 of the Penal Code because property and not money was obtained, especially in view of section 14 of the Civil Code and section 7 of the Penal Code, which provide that the word "property" includes property real and personal and that personal property includes money.

1.  See 12 Cal. Jur. 473.

[4] Id. — Form of Verdict — Intention of Jury — Surplusage. — In such prosecution, where the jury in rendering its verdict clearly showed an intention to find the defendant guilty in accordance with the charge which had been preferred against him, the fact that in legal conception of the terms employed in its verdict there was a surplusage of words, or that more words were used than were necessary to express the meaning which was intended to be conveyed, cannot affect the validity of the verdict.

[5] Id.—Reliance upon False Representations—Failure to Give Instructions—Other Instructions.—In such prosecution, error may not be predicated upon the failure of the trial court to advise the jury that in order to support a conviction the evidence must show and the jury must find that the false pretenses relied upon were a material cause in inducing the complaining witnesses to part with their money or property, where it appears that, while the exact rule of law was not given to the jury in a single instruction, when the entire body of instructions is taken into consideration, the principle was adequately covered.

[6] Id.—Evidence—Insufficient Foundation—Authenticity of Records—Harmless Error—Appeal.—In such prosecution, although it be conceded that a sufficient foundation was wanting at the time certain records of a corporation were offered in evidence, and which were admitted in evidence over the objection of the defendant, the error, if any, was later cured by other evidence which fully covered any objection that might have been available to the defendant as to the custody or the authenticity of such records, and under such circumstances the original error was harmless and cannot avail the defendant on appeal.

[7] Id.—Evidence.—In such prosecution, the erroneous admission in evidence of certain records, from which a date material to the inquiry was supplied, was not prejudicial where the same date was established through other proper sources.

---

(1) 25 C. J., p. 650, n. 42, p. 651, n. 46, 47, p. 652, n. 48, 50, p. 653, n. 58, 59.    (2) 25 C. J., p. 642, n. 71.    (3) 25 C. J., p. 606, n. 37, 43; 40 C. J., p. 1492, n. 59; 32 Cyc., p. 648, n. 7.    (4) 16 C. J., p. 1101, n. 47; 25 C. J., p. 656, n. 13.    (5) 16 C. J., p. 1063, n. 85; 25 C. J., p. 654, n. 84.    (6) 17 C. J., p. 317, n. 10, p. 330, n. 27, 36.    (7) 17 C. J., p. 321, n. 47, p. 330, n. 27.

APPEAL from a judgment of the Superior Court of ˙Los Angeles County. Edwin F. Hahn, Judge. Affirmed.

The facts are stated in the opinion of the court.

---

4. See 8 Cal. Jur. 401; 27 R. C. L. 853.

Perky, McConnell & Hill and Clarence S. Hill for Appellant.

U. S. Webb, Attorney-General, Erwin W. Widney and John L. Flynn, Deputies Attorney-General, for Respondent.

HOUSER, J.—Defendant was convicted and sentenced on each of six separate counts of an indictment wherein he was charged with the crime of obtaining property, or money and property, by false pretenses. As to the last three of such counts, the trial court ordered that execution of the sentence be suspended. Defendant appeals from the entire judgment and from the order denying his motion for a new trial.

The transaction out of which the prosecution of defendant arose concerned the sale of stock in a mining company. In brief, defendant was charged with having made false representations with reference to several separate features connected with the matter, including statements that the corporation whose stock was being sold was under the direct supervision of the corporation commission; that no commission or bonus of any kind was being paid to any person for the sale of the stock; that defendant had invested $25,000 of his own money in the stock of the company, and that at the time defendant made the sale of the stock to the several persons named in the indictment one million dollars' worth of ore was "blocked out," or "in sight."

[1] It is first contended by appellant that the verdict by the jury was contrary to the law and the evidence in that there was no evidence as to the falsity of the alleged misrepresentations. The evidence received at the trial was voluminous and it would serve no useful purpose to review the testimony of the several witnesses in order that the alleged misrepresentations might be shown to have been actually made and to have been relied upon by the purchasers of the stock as the inducing cause of their purchase of the same. Suffice it to say that, after a careful reading of those portions of the record to which attention has been directed, this court is convinced that the record, while not demonstrative in its nature, is ample in every respect to warrant the conclusion that as to each count of the indictment, at least one of such

misrepresentations was made by the defendant with the intention and purpose that the persons to whom such misrepresentations were alleged to have been made should act upon them and by reason thereof be defrauded thereby, and that such design was actually accomplished.

[2] Appellant's next two specifications of error in effect are that because practically all the misrepresentations were made at the same time and to all the several persons to whom defendant sold the stock, although at different dates, the right did not exist to prosecute defendant under as many counts as there were individuals defrauded, but that there could be but one information or one indictment for one alleged criminal act.

In the case of *People* v. *Brannon,* 70 Cal. App. 225 [233 Pac. 88], the point thus presented by appellant is fully considered and the authorities reviewed, with the conclusion that (syllabus) : "where two or more persons are injured by a single criminal act, there are as many separate and distinct offenses as there were persons injured by the unlawful act." To the same effect is the case of *People* v. *Majors,* 65 Cal. 138 [52 Am. Rep. 295, 3 Pac. 597]. It would follow that appellant's point is not well taken.

[3] It is urged by appellant that no judgment of conviction can be rendered "unless the jury expressly finds against the defendant upon the issue or judgment is given against him on a special verdict."

In this connection appellant directs attention to the fact that, although the general charge is that defendant obtained "money and property by false pretenses," etc., the details of the accusation against defendant are in substance that he obtained "property" by false pretenses, and that the verdict is that he was guilty of obtaining "money and property" thereby, as charged in the indictment.

On the first count of the indictment defendant was charged simply with obtaining "property" by false pretense. As to such count no complaint is made. It is therefore apparent that, at least so far as the first count is concerned, appellant's point is untenable. As to the remaining counts of the indictment, the allegation and the evidence agree in showing that what was actually obtained by defendant consisted of bank checks.

In the case of *People* v. *Tilley,* 135 Cal. 61 [67 Pac. 42], the court gave consideration to a question similar to that suggested by appellant herein. It was there said: "Further, the form of the verdict is to be regarded as immaterial, provided the intention to convict of the crime charged be unmistakably expressed. (*People* v. *McCarty,* 48 Cal. 559; *People* v. *Swenson,* 49 Cal. 390, 391; *People* v. *Holmes,* 118 Cal. 448 [50 Pac. 675].) On the other hand, it is expressly provided that 'No judgment of conviction can be given, unless the jury expressly find against the defendant upon the issue.' (Pen. Code, sec. 1162.) Hence there is no room for inference outside the words of the verdict. These must express the intention unequivocally; otherwise, the verdict must be regarded as insufficient. (*People* v. *Ah Gow,* 53 Cal. 628.) And, *a fortiori,* it must be so regarded, if it be susceptible of a different construction than that of guilty of the crime charged."

While the details of the allegation contained in each of the several counts of the indictment to which exception is taken in substance are that the defendant fraudulently obtained a bank check, the evidence shows not only the truth of the allegation in that regard, but as well that the check was cashed and that the person giving the check lost the money represented thereby. It must therefore be said that the defendant was guilty not only of fraudulently obtaining property, but that he was guilty, also, of likewise obtaining money, as distinguished from property. Moreover, according to section 14 of the Civil Code and section 7 of the Penal Code: "The word 'property' includes property real and personal. . . . The words 'personal property' include money, goods, chattels, things in action, and evidences of debt."

Considering that the word "property," according to the code sections just quoted, includes "money," the effect of the criticised verdicts would be that they contained merely a repetition in their language in that the verdicts would then be read that the defendant was guilty of "obtaining money (property) and property by false pretenses," etc.

In the case of *People* v. *Holmes,* 118 Cal. 444 [50 Pac. 675], the jury returned a verdict as follows: "Second. We find a verdict of 'guilty' against all the others named in the indictment, . . . and find a verdict of 'Involuntary Manslaughter,' 'Not a felony,' as charged and laid down by the

court under the head of involuntary manslaughter, and pray the extreme mercy of the court in its sentence and punishment, and so say we all.''

In that case it was held that, in view of the fact that the verdict clearly showed an intention to convict the defendants rather than to acquit them of the charge, the words ''not a felony,'' which were inserted in the verdict, should be rejected as so much surplusage and the general verdict of guilty of involuntary manslaughter should stand.

[4] In the instant case the intention of the jury in rendering its verdict is unmistakable. It undoubtedly meant to find the defendant guilty in accordance with the charge which had been preferred against him. That in legal conception of the terms employed in its verdict there was a surplusage of words, or, to state the thought otherwise, that more words were used than were necessary to express the meaning which was intended to be conveyed, cannot affect the validity of the verdict.

In this connection it is urged that the defendant cannot be tried for an offense other than that charged against him in the indictment or the information. It need only be said that defendant was charged generally with the crime of obtaining ''money and property by false pretenses''; that he was tried upon such charge; and that the language of the verdict by the jury is in exact accordance therewith. Defendant could have been neither misled nor injured in any manner by any technical difference which may exist between the language of the details of the accusation as set forth in the indictment and the language contained in the verdict returned by the jury. In such circumstances, to award a new trial to the defendant because of the alleged error to which reference has been had would amount to nothing less than a travesty on justice.

[5] Defendant's next specification of error, in substance, is that the trial court failed to advise the jury that in order to support a conviction of the offense of obtaining money or property under false pretenses the evidence must show and the jury must find that the false pretense relied upon was a material cause in inducing the complaining witness to part with his money or property.

While the exact rule of law to which appellant refers was not given to the jury in a single instruction, it appears that

when the entire body of instructions is taken into consideration the principle was adequately covered; which fact constitutes a complete answer to the alleged error of which appellant complains.

[6] It is next contended by appellant that the rights of the defendant were prejudicially affected because the trial court permitted the prosecution, over defendant's objection, to introduce in evidence the contents of certain records of a corporation without first having laid a proper foundation for the introduction thereof. Although it be conceded that a sufficient foundation was wanting at the time the records were offered in evidence, the error, if any, was later cured by other evidence which fully covered any objection that might have been available to the defendant as to the custody or the authenticity of such records. The original error, therefore, was harmless and cannot avail the defendant at this time.

[7] The same thing is true in principle as to the last alleged error of which appellant complains. It had to do with what is claimed was the erroneous admission in evidence of certain records from which was supplied a date which was material to the inquiry. The identical matter having been established by and through other proper sources, the assumed fact that in the first instance the evidence of the date was improperly admitted became immaterial.

No prejudicial error appearing to have been committed by the trial court, it is ordered that the judgment and the order denying the motion for a new trial be and the same are affirmed.

Conrey, P. J., and Curtis, J., concurred.