[No. S057084. July 23, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
JUSTIN PAUL et al., Defendants and Appellants.

**COUNSEL**

Michael Linfield and Michael B. Dashjian, under appointments by the Supreme Court, for Defendants and Appellants.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General,

Garrett Beaumont and Elizabeth A. Hartwig, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**GEORGE, C. J.**—In this matter we interpret the special "verdict or finding"[1] requirement of Penal Code section 1158a[2] in a case in which each count of the information charges two defendants jointly with a substantive offense and also, pursuant to section 12022, subdivision (a)(1), charges that a principal was armed during the commission of the offense. Specifically, we consider whether the special verdict or finding requirement of section 1158a is satisfied when a jointly charged defendant is not specifically named in the arming finding returned by the jury, but the finding instead recites that the jury finds that a principal was armed in the commission of the offense charged in the information. We conclude that such a special verdict or finding meets the requirements of section 1158a, and thus we affirm the judgment of the Court of Appeal.

### I

An information was filed jointly charging defendant Justin Paul and codefendant Lloyd Lewis Pattison in count 1 with attempted carjacking in violation of sections 664 and 215, and in count 2 with attempted premeditated murder, in violation of sections 664 and 187. In addition, it was alleged in both counts that Pattison personally used a firearm within the meaning of sections 12022.5, subdivision (a), and 1192.7, subdivision (c)(8), that Pattison intentionally inflicted great bodily injury upon the victim within the meaning of section 12022.7, and that in the commission and attempted commission of the charged offenses, a principal was armed with a firearm, a 9-millimeter handgun, within the meaning of section 12022, subdivision (a)(1).

Counsel for defendant Paul acknowledged in the context of a pretrial motion for severance that the charges against his client included allegations under section 12022, subdivision (a)(1). At the commencement of trial, the court reviewed the information with counsel, stating as to the arming enhancement alleged in connection with count 1, jointly charging defendants Pattison and Paul: "an armed allegation, principal being armed, I guess, under 12022(a)(1) as to—presume that would apply as to Mr. Paul, in terms

---

[1] Because the applicable statute uses the terms "verdict" and "find[ing]" interchangeably, we also employ both terms.

[2] All undesignated statutory references are to the Penal Code.

of potential sentencing consequences." Counsel for defendant Paul did not controvert this statement by the trial judge.

Evidence produced at trial showed that on November 7, 1993, in Riverside County, defendant Paul, driving a van in which defendant Pattison and others were passengers, followed the victim as he drove with his family in his car. Defendants' intent was to steal the victim's vehicle. They followed the victim to a grocery store parking lot. A third occupant of the van testified that Pattison asked Paul to hand him a gun customarily kept in the van, which Paul did. Pattison emerged from the van and ordered the victim out of his car at gunpoint. The victim asked whether he could remove his young child from the rear of the car, but when Pattison refused, the victim, fearing for the safety of the child, pushed the child down, put the car into reverse, and attempted to depart. Pattison shot the victim in the face, but the bullet ricocheted off the victim's teeth, resulting in less serious injury than ordinarily would be expected from such a shooting. Pattison ran off, and Paul picked him up in the van. Pattison later altered his appearance and disposed of the gun.

After he ultimately was arrested, Pattison made inculpatory statements to the police, including a statement that defendant Paul had given him the gun used in the crime and had directed him to "get out and do it." A police investigator testified that Paul initially denied involvement, and then admitted that his denial was a lie and that he had pulled the van in front of the victim's car, but denied giving a gun to anyone.

In his defense, defendant Pattison admitted using his gun to frighten the victim so he would get out of his car, but testified that the gun just "went off" when the victim put his car into reverse and tried to drive off. He denied having any intent to injure or to kill.

Defendant Paul also testified in his own defense, admitting that at one point the two defendants and their companions intended to steal the victim's car, but asserting that the plan was abandoned when the victim drove into a public parking lot. Defendant Paul denied handing a gun to defendant Pattison and testified that Pattison jumped out of the van and approached the victim's car, retrieving a gun from his pocket. Defendant Paul heard a gunshot and drove off in the van, stopping to pick up Pattison.

In rebuttal, Pattison's inconsistent statements to the police during interrogation were recounted.

Counsel for defendant Paul requested instruction on the arming enhancements alleged pursuant to section 12022, subdivision (a)(1). In instructing

the jury, after describing the substantive offenses jointly charged against both defendants, the court recounted the personal-use-of-a-firearm and great-bodily-injury enhancements alleged against defendant Pattison alone, and described the arming enhancement allegation as follows: "in the commission of the offense . . . that the defendant, Lloyd Lewis Pattison was a principal armed with a firearm, to wit, a handgun in the commission of the offense, within the meaning of Penal Code section 12022(a)(1)."

The court further instructed on the arming enhancement as follows: "It is also alleged in Counts I and II that in the attempted commission of crimes therein described, a principal in the attempted commission of the crimes was armed with a firearm. [¶] If you find *a defendant* guilty of the crimes thus charged, you must determine whether or not a principal was armed with a firearm at the time of the attempted commission of the crimes. [¶] The term 'armed with a firearm' means knowingly to carry a firearm or have it available as a means of offense or defense. [¶] The word 'firearm' includes a pistol or revolver. [¶] A person who is a principal in the attempted commission of the crimes charged in Counts I or II is armed with a firearm, if any one or more principals of such crime is so armed, regardless of whether such person is personally armed with a firearm. [¶] The People have the burden of proving the truth of this allegation. If you have a reasonable doubt that it is true, you must find it to be not true. [¶] You will include a special finding on that question, using a form that will be supplied for that purpose." (Italics added.)

In describing the various determinations to be made by the jury under the numerous verdict forms provided by the court, the court also instructed the jury that if it found defendant Pattison guilty of the substantive offenses, it also must make findings as to whether he personally used a firearm within the meaning of section 12022.5, whether he was a principal armed with a firearm within the meaning of section 12022, subdivision (a)(1), whether he intentionally inflicted great bodily injury on the victim within the meaning of section 12022.7, and whether the attempted murder was willful, deliberate, and premeditated within the meaning of sections 664 and 187. With respect to defendant Paul, however, the jury was instructed only to return a special verdict with respect to the question whether the attempted murder was willful, premeditated, and deliberate; no instruction was given directing the jury to return a separate armed-principal finding as to defendant Paul on a section 12022, subdivision (a)(1), enhancement.

The jury was instructed further that it must decide separately whether each of the defendants was guilty as to each count, and also that it must decide each count separately, in a separate verdict.

The jury, announcing that it had reached verdicts on both counts for each defendant, returned 12 verdict forms, the captions of which include the names of both defendants. These forms declare as follows: (1) that defendant Pattison was guilty on count 1, attempted carjacking; (2) that defendant Pattison had used a firearm in the commission of the offense charged in count 1, within the meaning of sections 12022.5, subdivision (a), and 1192.7, subdivision (c)(8); (3) that in the commission of the offense charged in count 1, defendant Pattison was a principal armed with a firearm within the meaning of section 12022, subdivision (a)(1); (4) that in the commission of the offense charged in count 1, defendant Pattison did not inflict great bodily injury within the meaning of section 12022.7; (5) that defendant Pattison was guilty of attempted murder as charged in count 2; (6) that as to defendant Pattison, the attempted murder was not willful and premeditated; (7) that in the commission of the offense charged in count 2, defendant Pattison personally used a firearm within the meaning of sections 12022.5 subdivision (a), and 1192.7, subdivision (c); (8) that in the commission of the offense charged in count 2, defendant Pattison was a principal armed with a firearm within the meaning of section 12022, subdivision (a)(1); (9) that defendant Pattison did not inflict great bodily injury in the commission of the offense charged in count 2; (10) that defendant Paul was guilty of attempted carjacking as charged in count 1; (11) that defendant Paul was guilty of attempted murder as charged in count 2; (12) that as to defendant Paul, the attempted murder was not willful and premeditated. The clerk recited these verdicts on the record, and the jury confirmed that these were their verdicts.[3]

The clerk's minutes for the return of the verdict as to defendant Paul indicate that the jury entered a true finding on both arming enhancements (the section 12022, subdivision (a)(1), armed-principal allegations in counts 1 and 2). The clerk's minutes for the return of the verdict as to defendant Pattison indicate that the jury returned a true finding as to both of the arming and both of the use enhancements alleged as to defendant Pattison. The abstract of judgment as to defendant Paul also reflects true findings as to both arming enhancement allegations made pursuant to section 12022, subdivision (a)(1).

---

[3]The jury recited as to the arming enhancements: "We, the jury in the above-entitled action, find that in the commission of the offense charged under Count I of the Information, the defendant, Lloyd Lewis Pattison, was *the principal armed with a firearm*; to wit, a 9-millimeter handgun, said arming not being an element of the above offense, within the meaning of Penal Code Section 12022(a)(1). . . . [¶] We, the jury in the above-entitled action, find that in the commission of the offense charged under Count II of the Information, the defendant, Lloyd Lewis Pattison, was *the principal* armed with a firearm; to wit, a 9-millimeter handgun, said arming not being an element of the offense, within the meaning of Penal Code Section 12022(a)(1)." (Italics added.)

The court sentenced defendant Pattison to a nine-year term as to count 2, attempted murder, with a consecutive enhancement of four years for personal use of a firearm. With respect to that count, the court stayed the one-year enhancement imposed pursuant to section 12022, subdivision (a)(1). The court also sentenced defendant Pattison to a concurrent two-and-a-half-year term as to count 1, attempted carjacking, with a five-year enhancement for personal use of a firearm. The court stayed the arming enhancement as to this count as well.

The court sentenced defendant Paul to a term of seven years as to count 2, attempted murder, with a concurrent two-and-a-half-year term for count 1, attempted carjacking. The court also imposed a one-year enhancement for each count for a principal having been armed during the commission of the offense within the meaning of section 12022, subdivision (a)(1), but stayed the enhancement as to count 1. With the addition of this enhancement, the total term of defendant Paul's sentence was eight years. In the course of the sentencing proceeding, the court noted that the probation report did not refer to any term for the armed-principal enhancement with respect to defendant Paul, but remarked that although the verdicts reflecting the findings regarding the enhancement allegations pursuant to section 12022, subdivision (a)(1), were "among those for Mr. Pattison, . . . it doesn't make any difference."[4] When the court imposed sentence on defendant Paul, it commented again: "In addition, though, the jury did find an allegation of 12022(a)(1) to be true, although the principal armed was Mr. Pattison. But that makes no difference as the section says itself, this can be imposed even though the accused, or even though the defendant being sentenced was not the person with the weapon." Defendant Paul's counsel did not object to the imposition of sentence on the armed-principal-enhancement allegations. (Each defendant had separate counsel.)

The Court of Appeal affirmed the judgment of the trial court, and we granted defendant Paul's petition for review.

---

[4]The court's full statement was: "It [the enhancement] can be imposed. It said arming [is] not an element. It was alleged, and I went back and reviewed the verdict, and it was found to be true; namely, that those verdict sheets are among those for Mr. Pattison, but it doesn't make any difference. The finding as to Count I, Lloyd Lewis Pattison was a principal armed with a firearm, said arming not an element. And as to Count 2 of course Mr. Pattison they found personal use as well. So we have two different enhancements. But as to Count 2, they also found that Mr. Pattison was a principal armed with a firearm. [¶] And of course the jury was instructed on aiding and abetting instructions, and it would appear from the evidence that the jury could have, and probably did find this defendant guilty on an aiding and abetting theory. [¶] He was in the car and we have testimony from at least one other person in the car that he handed the gun to Mr. Pattison. Of course the defendant denies that; says the gun was underneath on a shelf. Okay, so we have that additional information [¶] Anyway, I point out that error in the probation report."

## II

On appeal, defendant Paul challenged the imposition of sentence for the one-year enhancements alleged pursuant to section 12022, subdivision (a)(1), on the ground that the jury failed to return a verdict making a true finding as to him on those enhancement allegations. The People conceded error in their brief in the Court of Appeal, but that court did not accept the concession and found no error. It concluded that the verdicts returned by the jury on the section 12022, subdivision (a)(1), allegations applied to both defendants. It observed that in pretrial motions on other matters, defendant Paul's counsel had acknowledged that his client was charged pursuant to section 12022, subdivision (a)(1), and that counsel requested a jury instruction on this enhancement allegation. The Court of Appeal also pointed out that Paul's counsel did not object to imposition of sentence on the armed-principal enhancements, and that the clerk's minutes and defendant's own notice of appeal noted true findings on these allegations.

The Court of Appeal explained that as to each of the two counts, the jury had two verdict forms relating to the foregoing enhancements, two finding that Pattison was a principal armed with a firearm and two finding that he was not. The Court of Appeal stressed that the jury did not return the verdict forms declaring that defendant Pattison was *not* a principal armed with a firearm. The Court of Appeal found it "unquestionably clear" that although the verdict forms returned by the jury on the armed-principal-enhancement allegation named only defendant Pattison, the findings applied to both defendants.

The Court of Appeal declared that it was unnecessary for the jury to enter a verdict naming each individual defendant on such an enhancement allegation. It observed that defendant could not complain that he lacked notice of the enhancement allegations, because the allegations appeared in the information. The court reasoned that because the verdicts established that defendant Paul was guilty as a principal of the substantive offenses and that defendant Pattison was a principal who was armed in the commission of the substantive offenses, these circumstances necessarily established that defendant Paul was subject to the enhancement provisions of section 12022, subdivision (a)(1).

As we shall explain, we agree with the Court of Appeal's conclusion that a finding that a principal was armed in the commission of the charged substantive offense adequately establishes that another person who was jointly charged with the substantive offense and who also is found to have been a principal in the charged substantive offense is subject to the armed-principal enhancement specified under section 12022, subdivision (a)(1), and that such a finding meets the requirements of section 1158a.

Section 12022, subdivision (a)(1), provides for a one-year enhancement of sentence for "any person who is armed with a firearm in the commission or attempted commission of a felony," and provides that the enhancement "shall apply to any person who is a principal in the commission or attempted commission of a felony if one or more of the principals is armed with a firearm, whether or not the person is personally armed with a firearm." In other words, a defendant is "armed with a firearm" within the meaning of this subdivision if he or she participates as a principal in a crime in which one or more principals is armed. (See *People v. Federico* (1981) 127 Cal.App.3d 20, 31 [179 Cal.Rptr. 315].)[5]

Section 1158a, subdivision (a), provides that "[w]henever the fact that a defendant was armed with a weapon . . . at the time of his commission of the offense . . . is charged in accordance with section 969c of this code, in any count of the indictment or information to which the defendant has entered a plea of not guilty, the jury, if they find a verdict of guilty of the offense with which the defendant is charged, . . . must also find whether or not the defendant was armed as charged in the count to which the plea of not guilty was entered." The section also provides that the "verdict of the jury upon a charge of being armed may be: 'We find the charge of being armed contained in the _____ count true,' or 'We find the charge of being armed contained in the _____ count not true,' as they find that the defendant was or was not armed as charged in any particular count of the indictment or information." (*Ibid.*) In addition, section 1158a, subdivision (a), requires that "[a] separate verdict upon the charge of being armed must be returned for each count which alleges that the defendant was armed."[6] Substantially identical provisions regarding firearm use findings are contained in section 1158a, subdivision (b).

A verdict should be read in light of the charging instrument and the plea entered by the defendant. (*People v. Tilley* (1901) 135 Cal. 61, 62 [67 P. 42]; *People v. Mercado* (1922) 59 Cal.App. 69, 74 [209 P. 1035].) Otherwise, as we have explained, "the ordinary forms of verdict, 'Guilty,' 'Guilty of manslaughter,' etc. [citations] would be entirely without meaning; while, in connection with the information, they cannot be understood otherwise

---

[5]Section 12022, subdivision (a)(1), states: "Except as provided in subdivisions (c) and (d), any person who is armed with a firearm in the commission or attempted commission of a felony shall, upon conviction of that felony or attempted felony . . . be punished by an additional term of one year, unless the arming is an element of the offense of which he or she was convicted. This additional term shall apply to any person who is a principal in the commission or attempted commission of a felony if one or more of the principals is armed with a firearm, whether or not the person is personally armed with a firearm."

[6]Section 1158a has required a special verdict or finding for arming allegations in these terms since its enactment in 1935. (See Stats. 1935, ch. 603, § 3, p. 1706.)

than as referring to the defendant and to the crime named in the information or indictment." (*People* v. *Tilley*, *supra*, 135 Cal. at p. 62.) In addition, the form of the verdict generally is immaterial, so long as the intention of the jury to convict clearly may be seen. (*Ibid.*; see also *People* v. *Jones* (1997) 58 Cal.App.4th 693, 710 [68 Cal.Rptr.2d 506] [the verdict is to be construed in light of the instructions of the court]; *People* v. *Mackabee* (1989) 214 Cal.App.3d 1250, 1256 [263 Cal.Rptr. 183]; 6 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Judgment and Attack in Trial Court, § 3042, pp. 3762-3763.)

■ In the present case, count 1 of the information jointly charged defendant Paul and defendant Pattison with a substantive offense (attempted carjacking), and in addition charged that a principal was armed in the commission of the charged offense within the meaning of section 12022, subdivision (a)(1). Count 2 jointly charged a second substantive offense (attempted premeditated murder) and the section 12022, subdivision (a)(1), enhancement allegation in the same manner. The jury was instructed that if it found "a defendant" guilty of each substantive crime, it also must determine whether defendant Pattison was armed in the commission of the offense. The jury returned verdicts on each count specifically finding that in the commission of the offense named in that count, a principal (Pattison) was armed with a firearm within the meaning of section 12022, subdivision (a)(1). Because section 12022, subdivision (a)(1), provides that a defendant is "armed" within the meaning of the sentence enhancement statute if a principal is armed in the commission of the offense, whether or not the defendant personally is armed, when such an allegation occurs in a count of an information jointly charging two codefendants with the underlying offense, a verdict or finding that as to the substantive count in which both codefendants jointly are charged, a principal was armed in the commission of the offense, establishes that both jointly charged defendants are subject to the arming enhancement. Such a verdict satisfies the requirement of section 1158a that there be a special verdict or finding, because it constitutes a finding, within the terms of the statute, that the "defendant was armed as charged in the count to which the plea of not guilty was entered."

Defendant does not assert it is inherently improper to employ a single verdict form when multiple defendants jointly are charged in a single count. Indeed, section 1160 seems to contemplate that in general, such joint verdicts are permissible.[7] Rather, defendant contends more narrowly that the language of section 1158a requires a separate verdict naming each defendant

---

[7]Section 1160 provides in pertinent part: "On a charge against two or more defendants jointly, if the jury cannot agree upon *a verdict* as to all, they may render a verdict as to the defendant or defendants in regard to whom they do agree . . . ." (Italics added.)

separately whenever an enhancement is charged pursuant to section 12022, subdivision (a)(1). We see no support for such a conclusion in the language of section 1158a, which, as noted above, expressly authorizes a verdict stating simply, "We find the charge of being armed contained in ___ count true."[8] In many circumstances, the requirement advocated by defendant would necessitate meaningless duplication in verdicts, because the finding that a principal was armed during the commission of an offense applies to establish that any principal in the commission of the offense is subject to the section 12022, subdivision (a)(1), enhancement. Although in order to avoid any potential for confusion, it may be the better practice, particularly in circumstances in which multiple defendants are jointly charged in some, but not all offenses, to provide the jury with separate verdict forms for each defendant with respect to each arming enhancement as to which he or she is charged, such a practice is not required by the terms of section 12022, subdivision (a)(1), or by section 1158a. We cannot conclude that the verdict forms returned by the jury in this case failed to meet the requirements of these provisions.

Defendant seeks to draw support for his position from decisions interpreting section 1158. That statute requires, in language substantially similar to that found in section 1158a, that the jury return a special verdict or finding whenever it is alleged that the defendant has suffered a prior conviction.[9] Defendant draws our attention to cases holding that the prior-conviction finding required by section 1158 cannot be supplied by a verdict upon a substantive offense. In *People* v. *Eppinger* (1895) 109 Cal. 294 [41 P. 1037] (*Eppinger*), for example, the defendant was charged with one count of uttering a fictitious check. In connection with this charge, it was alleged that the defendant had suffered a prior conviction for petty larceny. Although the jury returned a verdict of "guilty as charged," this court determined that the defendant could not receive an enhanced sentence for the substantive offense because of the prior conviction, on the ground that there had been no

---

[8] We note, as did the Court of Appeal, that there can be no question that defendant Paul received adequate notice that he was charged with the armed-principal enhancement; indeed, his trial counsel acknowledged as much.

[9] Section 1158 provides in relevant part: "Whenever the fact of a previous conviction . . . is charged . . . , and the defendant is found guilty of the offense with which he is charged, the jury, or the judge if a jury trial is waived, must unless the answer of the defendant admits such previous conviction, find whether or not he has suffered such previous conviction. The verdict or finding upon the charge of previous conviction may be: 'We (or I) find the charge of previous conviction true' or 'We (or I) find the charge of previous conviction not true,' according as the jury or the judge find that the defendant has or has not suffered such conviction. If more than one previous conviction is charged a separate finding must be made as to each." Accordingly, unless the defendant admits the prior conviction, the fact finder must find whether or not the defendant has suffered the prior conviction, and a separate finding is required as to each alleged prior conviction.

separate jury finding on that allegation. (See also *People* v. *Gutierrez* (1993) 14 Cal.App.4th 1425, 1439-1440 [18 Cal.Rptr.2d 371] [defendants may not be sentenced for prior-felony-conviction enhancements in the absence of findings on prior-conviction allegations by the trier of fact].)

Unlike the defendant in the *Eppinger* case, defendant Paul was not sentenced for the arming enhancement solely upon the basis of "guilty as charged" verdicts on the connected substantive offenses, nor was he sentenced in the absence of separate verdicts or findings on the arming allegations. Rather, the jury did return a separate verdict form regarding the arming enhancement, finding, in the language of section 12022, subdivision (a)(1), that a principal (Pattison) was armed in the commission of the charged offenses. Accordingly, the *Eppinger* case is of no assistance to defendant.

Defendant also seeks to find support for his argument in cases interpreting section 1157. This statute provides that if the defendant is convicted of a crime divided into degrees, the jury, or the court if it is acting as fact finder, "must find the degree of the crime or attempted crime of which he is guilty." (*Ibid.*) Under section 1157, failure to find the degree requires that the conviction be deemed to be of the lesser degree. We note at the outset that the language of this statute differs substantially from that of section 1158a, and that the interpretation of section 1157 may require consideration of constitutional rights that are not implicated in the case of an enhancement allegation. (See, e.g., *People* v. *Superior Court* (*Marks*) (1991) 1 Cal.4th 56, 71, 75 [2 Cal.Rptr.2d 389, 820 P.2d 613]; see also *People* v. *Monge* (1997) 16 Cal.4th 826, 829 [66 Cal.Rptr.2d 853, 941 P.2d 1121], affirmed *sub nom.* *Monge* v. *California* (1998) __ U.S. __ [118 S.Ct. 2246, 141 L.Ed.2d 615]; *People* v. *Wims* (1995) 10 Cal.4th 293, 304 [41 Cal.Rptr.2d 241, 895 P.2d 77].) In any event, as we explain, the cases upon which defendant relies are inapposite.

Defendant contends, for example, that our decision in *People* v. *McDonald* (1984) 37 Cal.3d 351 [208 Cal.Rptr. 236, 690 P.2d 709, 46 A.L.R.4th 1011] (*McDonald*) supports his claim. In that case, the defendant was charged with murder and a felony-murder special circumstance. The jury returned a verdict of " 'guilty of MURDER . . . *as charged in Count I of the information*' " but did not specify the degree of the murder. (*Id.* at p. 379.) It also returned a true finding on the special circumstance allegation. The *McDonald* decision determined that failure to find the degree required, under the terms of section 1157, that the conviction be deemed to be of the lesser degree, and it rejected the suggestion of the People that the jury's degree finding could be inferred from its separate finding on the special circumstance allegation. (37

Cal.3d at pp. 379-380.) Similarly, in *People* v *Beamon* (1973) 8 Cal.3d 625 [105 Cal.Rptr. 681, 504 P.2d 905] (*Beamon*), a jury found the defendant guilty of robbery, and also found that he was armed with a deadly weapon at the time of the offense. Although the circumstance that the defendant was armed would operate to make a robbery one of the first degree under then applicable statutory provisions, the court declined to employ the finding that defendant was armed to correct the jury's failure to specify the degree of the robbery in its verdict on that charge. (*Id.* at p. 629, fn. 2.)

As is the *Eppinger* case, the *McDonald* and *Beamon* cases are readily distinguishable from the present case.[10] In the case before us, the jury did not omit the special verdicts or findings required by statute, and the trial court did not, in sentencing defendant upon the enhancement allegations, supply a special finding or verdict from a general verdict that declared that the jury found him "guilty as charged." Nor was it necessary for the trial court to augment the findings on the armed-principal enhancements by reference to factual determinations necessarily demonstrated by other findings or verdicts. Rather, in the present case, in which both defendants jointly were charged with the underlying substantive offenses, the jury returned the special verdict or finding required by section 1158a when it returned findings that a principal was armed in the commission of the jointly charged substantive offenses. Contrary to defendant's contention, it is not necessary that the required findings that were made as to an armed principal be inferred from other verdicts or findings.[11]

Defendant's references to sections 689 (providing that no person may be convicted of a public offense unless by verdict of a jury unless jury trial is waived or a guilty plea entered), 1042 (requiring that issues of fact be tried in the manner specified in provisions of the state Constitution regarding jury trials), 1126 (requiring that in cases of jury trial, the jury must be the sole finder of fact), and 1162 (providing that "no judgment of conviction can be given unless the jury expressly find against the defendant upon the issue") also are unavailing. As to each of the cited provisions, defendant's contention is that these statutory requirements were violated because the jury failed to return a verdict or finding upon the armed-principal allegation as to defendant Paul. We have concluded, however, that by naming Pattison an armed principal in the commission of both charged offenses, the jury did return findings that enhanced the punishment of both defendants on each count, pursuant to section 12022, subdivision (a)(1).

---

[10]In distinguishing these decisions, we do not comment upon their reasoning or conclusions.

[11]In some circumstances, of course, it may be proper to infer such a finding. We have concluded, for example, that a jury finding on a multiple-murder special-circumstance allegation may be inferred from the jury's verdict on the underlying murder charges. (See *People* v. *Marshall* (1996) 13 Cal.4th 799, 850-852 [55 Cal.Rptr.2d 347, 919 P.2d 1280].)

## III

For the foregoing reasons, we affirm the judgment of the Court of Appeal.

Mosk, J., Kennard, J., Baxter, J., Werdegar, J., Chin, J., and Brown, J., concurred.

Appellants' petition for a rehearing was denied September 16, 1998.