Filed 5/6/16  P. v. Herrera CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062322 |
| v. | (Super.Ct.No. SWF10000036) |
| JORGE LUIS HERRERA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Angel M. Bermudez, Judge.  Affirmed with directions.

Diane Nichols, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton, and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 2009, defendant Jorge Luis Herrera sexually assaulted a 14-year-old girl (Jane Doe 1) at knifepoint; in 2010, he kidnapped, sexually assaulted, and stabbed a 17-year-old girl (Jane Doe 2). After a trial at which defendant represented himself through a Spanish translator, the jury found him guilty of three crimes against Jane Doe 1 (counts 1-3) and six crimes against Jane Doe 2 (counts 4-9).[1] As relevant to this appeal, the jury also found true the deadly weapon allegations accompanying each of the nine counts, except count 7. The trial court sentenced defendant to 41 years four months in state prison (counts 1, 2, 3, 5, 6, 7) followed by a term of seven years to life (count 4), followed by two terms of life without the possibility of parole (counts 8, 9).

This appeal concerns the jury's deadly weapon findings on counts 1, 3, 6, 8, and 9. Both parties agree there is a discrepancy between the deadly weapon allegations argued and instructed at trial, and the allegations listed on the verdict forms. As defendant points out and the People concede, the information and verdict forms reference the *use* of a

---

[1] Specifically, the jury found defendant committed against Jane Doe 1: assault with intent to commit a lewd act on a minor (Pen. Code, § 220, subd. (a)(2), count 1); criminal threats (Pen. Code, § 422, count 2); and lewd act on a minor (Pen. Code, § 288, subd. (c)(1), count 3). The jury found defendant committed against Jane Doe 2: kidnapping with intent to rape, orally copulate, or sexually penetrate (Pen. Code, § 209, subd. (b)(1), count 4); attempted voluntary manslaughter (Pen. Code, §§ 664, 192, count 5); assault with intent to rape (Pen. Code, § 220, subd. (a)(2), count 6); assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1), count 7); forcible rape of a minor over the age of 14 (Pen. Code, § 289, subd. (a)(1)(c), count 8); and forcible oral copulation (Pen. Code, § 288a, subd. (c)(2)(C), count 9).

deadly weapon within the meaning of Penal Code section 12022.3,[2] subdivision (a), whereas the jury instructions and the prosecutor's closing argument covered being *armed* with a deadly weapon within the meaning of section 12022.3, subdivision (b). Defendant contends this discrepancy requires that we strike the jury's deadly weapon findings for counts 1, 3, 6, 8, and 9 and vacate the associated sentences on counts 1, 3, and 6, because the jury was not properly instructed on the use allegation in connection with those counts. The People respond that the error was in the verdict form not the instructions; that the jury intended to find true the armed allegation, not the use allegation; and that defendant's sentence should be reduced accordingly.

We reject defendant's characterization of the error in this case as one of failure to instruct. For the reasons discussed in this opinion, we agree with the People that by returning the true finding verdict forms for counts 1, 3, 6, 8, and 9, the jury intended to find defendant was *armed* with a deadly weapon during the commission of those crimes. Thus, rather than strike the deadly weapon findings for counts 1, 3, 6, 8, and 9 altogether, "we exercise our discretion to reduce them to the lesser included violations" of section 12022.3, subdivision (b). (*People v. Allen* (1985) 165 Cal.App.3d 616, 627 [just as a reviewing court may reduce an offense conviction to a lesser included offense, it may also reduce a jury's finding to a lesser included finding].) The matter is therefore

---

[2] All statutory references are to the Penal Code unless otherwise indicated.

remanded to the trial court for resentencing on the lesser enhancements in accordance with this opinion. We also modify the abstract of judgment to correct a clerical error, described below. In all other respects, the judgment is affirmed.

## I

## FACTS AND PROCEDURAL BACKGROUND

A.    *Trial Evidence*

On November 23, 2009, defendant sexually assaulted Jane Doe 1, the 14-year-old daughter of his ex-girlfriend. At the time of the incident, Jane Doe 1, her mother, and defendant lived together in an apartment in Hemet.[3] Defendant walked into the bedroom where Jane Doe 1 was sitting on the bed. He was holding a large kitchen knife and told Jane Doe 1, "everything's going to be okay." He then pushed the knife against her stomach, told her he was going to kill her, and fondled her breast over her clothing. Jane Doe 1 fought back and defendant stopped.

In the fall of 2010, Jane Doe 2 was 17 years old and working as a prostitute on Florida Avenue in Hemet in order to make rent. On October 24, 2010, defendant approached Jane Doe 2 on Florida Avenue in his truck and requested sex in exchange for money. Jane Doe 2 agreed and got into defendant's truck. At some point, she became nervous and asked defendant where they were going. She was used to staying in the

---

[3] Defendant and Jane Doe 1's mother had dated in 2008 and 2009, but were no longer together when the incident occurred.

immediate area, but defendant "just kept driving." In response to her question, defendant pulled out a knife from underneath his leg and pushed it against her stomach. Defendant continued to drive, with the knife against her hip, until they reached a secluded orange grove. Defendant pulled off the road and parked in the grove.

Jane Doe 2 pleaded with defendant to let her go. Defendant put the knife against the back of her neck and forced her to orally copulate him. He forced his penis into her throat so deep that Jane Doe 2 cried and had trouble breathing. He then climbed on top of her and began biting, grabbing, sucking, and hurting her chest. He pulled down her pants and underwear and orally copulated her, while continuing to bite and hit her. Ignoring her continued pleas to stop, defendant put his fingers inside Jane Doe 2's vagina. Then, while holding the knife in one of his hands, he attempted to put his penis inside her vagina.

At this point, Jane Doe 2 started screaming and trying to kick defendant off her. Defendant slashed the knife at her throat, but cut her hand instead when she raised it to block him. Jane Doe 2 kicked his arm and pinned it against the truck's back window, causing him to drop the knife. They momentarily wrestled for the knife, then defendant pushed Jane Doe 2 out of his truck and fled the scene.

B.     *The Deadly Weapon Allegations*

The second amended information alleged, as to all nine counts except count 7, that defendant used a deadly weapon, a knife, during the commission of the crimes. Counts 1,

5

3, 6, 8, and 9 alleged use of a deadly weapon within the meaning of section 12022.3, subdivision (a). However, instead of instructing on the use of a deadly weapon for counts 1, 3, 6, 8, and 9, the court used CALCRIM No. 3130 to instruct on the lesser allegation of being armed with a deadly weapon. During his closing argument, the prosecutor tracked the jury instructions, arguing defendant was armed with a knife during the commission of the crimes alleged in counts 1, 3, 6, 8, and 9. The verdict forms for the findings for those counts, on the other hand, tracked the allegations in the information, stating defendant "used a deadly weapon, to wit, a KNIFE . . . within the meaning of Penal Code sections 12022.3, subdivision (a). . . ." The jury returned true findings on each of these forms.

Based on these forms, the trial court sentenced defendant for violations of the use enhancement under section 12022.3, subdivision (a), as opposed to the armed enhancement under section 12022.3, subdivision (b). Specifically, the court imposed the upper term of 10 years for the use enhancement for counts 1, 3, and 6, but stayed the 10-year term for count 3. The court imposed indeterminate terms of life without parole for counts 8 and 9 because those counts fall within section 667.61, the "One Strike law."[4] The court did not impose punishment for the use enhancements for counts 8 and 9.

_____

[4] Section 667.61 requires punishment "by imprisonment in the state prison for life without the possibility of parole" for those who commit certain sex offenses under certain enumerated circumstances. (§ 667.61, subd. (*l*).) Defendant falls within this provision of the One Strike law because counts 8 and 9 are triggering offenses and the kidnapping allegation the jury found true for both counts is a triggering circumstance. (§ 667.61, subds. (d), (n).)

## II

## DISCUSSION

Defendant contends the court erred by failing to instruct the jury on the elements of the use enhancement for counts 1, 3, 6, 8, and 9. He asserts this error was structural and deprived him of due process, and thus, the deadly weapon findings for those counts must be stricken and his enhancement sentences for counts 1, 3, and 6 must be vacated. Defendant's characterization of the error is incorrect. The error was not in the jury instructions, but rather in the verdict forms, and, as a result, defendant's sentence. Thus, instead of striking the deadly weapon findings for counts 1, 3, 6, 8, and 9 in their entirety, we reduce them to armed findings within the meaning of section 12022.3, subdivision (b).

It is well established that "'"[a] verdict is to be given a reasonable intendment and be construed in light of the issues submitted to the jury and the instructions of the court." [Citations.]'"' (*People v. Jones* (1997) 58 Cal.App.4th 693, 710.) The form of the verdict is generally immaterial so long as the jury's intentions are apparent. (*People v. Paul* (1998) 18 Cal.4th 698, 706-707.) "'[T]echnical defects in a verdict may be disregarded if the jury's intent to convict of a specified offense within the charges is unmistakably clear, and the accused's substantial rights suffered no prejudice.'" (*People v. Jones*, *supra*, 58 Cal.App.4th at pp. 710-711.)

7

Like this case, *People v. Trotter* (1992) 7 Cal.App.4th 363 (*Trotter*) involved a discrepancy between armed and use allegations. In *Trotter*, the information alleged the defendant used a deadly weapon during the commission of the crimes within the meaning of section 12022.5. (*Trotter*, *supra*, at p. 369.) The trial court instructed the jury on the elements of the use allegation and the parties' closing arguments coincided with the court's instructions. (*Id.* at pp. 369-370.) The verdict forms, however, stated the defendant was armed with a deadly weapon. (*Id.* at p. 369.) After the jury returned its verdict but before sentencing, the court corrected the error on the verdict forms by crossing out the word "armed" and writing in the words "personally used." (*Ibid.*)

On appeal, the court rejected defendant's argument that "the wording in the verdict forms must be dispositive" and upheld the trial court's manual corrections to the forms. (*Trotter*, *supra*, 7 Cal.App.4th at p. 369.) The court reasoned it was clear from the record the jury intended to find true the use, not the armed, allegation. (*Id.* at pp. 369-370.) This was because the instructions "clearly set forth the elements which had to be proven before the finding could be made" and the "parties' argument coincided with the instructions." [5] (*Id.* at p. 370.)

---

[5] The *Trotter* court noted that mistakes over the use and armed allegations were "all too" prevalent: "Verdict forms should be checked to ensure they comport with the appropriate statutory language in the charging documents and in the statutes themselves. The failure to do so results in appellate issues which could be easily avoided." (*Trotter*, *supra*, 7 Cal.App.4th at p. 369, fn. 5.)

Here, as with *Trotter*, the jury's intent as to the deadly weapon allegations in counts 1, 3, 6, 8, and 9 is clear from the record. The trial evidence overwhelmingly supported a finding defendant was armed with a knife during the commission of his assaults on both Jane Doe 1 and Jane Doe 2. At the close of evidence, the trial court instructed the jury on all of the elements of the armed allegation, and the prosecution's closing argument was consistent with the instructions. Like in *Trotter*, the wording of the verdict forms is not dispositive. We have no doubt, based on this record, that by returning true finding verdict forms as to the deadly weapon allegations for counts 1, 3, 6, 8, and 9, the jury manifested its intention to find defendant was armed with a knife during the commission of those crimes.

Furthermore, the discrepancy between the jury's deadly weapon findings and the allegations in the information does not violate defendant's constitutional right to notice of the charges against him. This is because the armed allegation is "necessarily included" in the use allegation. (*People v. Dixon* (2007) 153 Cal.App.4th 985, 1001-1002, citing *People v. Allen*, *supra*, 165 Cal.App.3d at p. 627 [armed allegation is a "lesser included" of the use allegation].) As such, a reviewing court "properly may reduce enhancements for personal use of firearm to armed enhancements." (*People v. Dixon*, *supra*, at p. 1002.)

We therefore conclude the jury's true findings for counts 1, 3, 6, 8, and 9, were that defendant was armed with, not that he used, a knife, and we reduce those findings to

9

reflect this conclusion.[6]  On remand, the court is directed to resentence defendant on the lesser armed enhancements for counts 1, 3, and 6 under section 12022.3, subdivision (b). This will result in a reduced sentence for those counts, as section 12022.3, subdivision (a), carries a 10-year upper term and section 12022.3, subdivision (b), carries a five-year upper term.  (§ 12022.3, subds. (a), (b).)  Resentencing on counts 8 and 9 is not necessary because the court did not impose punishment for the deadly weapon findings for those counts.

As a final matter, both parties identified a clerical error in defendant's determinate abstract of judgment.  Namely, the abstract of judgment reflects the trial court imposed a determinate sentence of seven years for count 4, when the transcript of the sentencing hearing and the sentencing minute order show the trial court imposed an indeterminate sentence of seven years to life.  As a result of this clerical error, the abstract of judgment states defendant's total determinate time is 48 years four months instead of 41 years four months.  We will therefore order defendant's determinate abstract of judgment be modified to strike the imposition of a seven-year sentence for count 4 and to reflect the correct total determinate time once defendant has been resentenced on counts 1, 3, and 6. (See *People v. Scott* (2012) 203 Cal.App.4th 1303, 1324 [in the event of a discrepancy

---

[6] Because we reduce the jury's findings for counts 1, 3, 6, 8, and 9, we need not address defendant's contention the court's failure to instruct on the use allegation for those counts violated his constitutional rights.

between the oral pronouncement of judgment and the abstract of judgment, the oral pronouncement controls and the reviewing court may correct on appeal].)

## III

## DISPOSITION

The deadly weapon findings for counts 1, 3, 6, 8, and 9 are reduced to findings defendant was armed with a deadly weapon within the meaning of section 12022.3, subdivision (b). The matter is remanded for resentencing consistent with this opinion. Additionally, the trial court is directed to modify the determinate abstract of judgment to strike the imposition of a seven-year sentence for count 4. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH
J.

We concur:

HOLLENHORST
Acting P. J.

MILLER
J.

11